<div style="border:1px solid black">

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u> _____ District of <u>New York</u> _____
(State)

Case number *(if known)*: _____ Chapter <u>11</u>

</div>

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   Agro International Holding B.V.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   AIC

3. **Debtor's federal Employer Identification Number (EIN)**

   __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   <u>Kaya W.F.G. (Jombi) Mensing 14,</u>
   Number    Street

   <u>2nd. Floor.</u>

   <u>Willemstad, Curacao.</u>
   City                State      ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City                State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____

   _____
   City                State      ZIP Code

5. **Debtor's website (URL)**

   www.merconcoffeegroup.com

Debtor    Agro International Holding B.V.
_____    Case number *(if known)*_____
          Name

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

__4__ __2__ __4__ __5__

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor **Agro International Holding B.V.** _____ Case number (*if known*) _____
Name

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes. District _____ When _____ Case number _____
                                              MM / DD / YYYY
              District _____ When _____ Case number _____
                                              MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes. Debtor  See attached _____ Relationship _____
             District _____ When _____
                                                     MM / DD / YYYY
             Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number          Street
                              _____
                              City                              State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
             Contact name _____
             Phone _____

---

**Statistical and administrative information**

---

Debtor    Agro International Holding B.V.          Case number (if known)_____
       Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| **14. Estimated number of creditors** (on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☑ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| **15. Estimated assets** (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/06/2023
        MM  / DD / YYYY

X _____          Harve Light
Signature of authorized representative of debtor          Printed name

Title  Chief Restructuring Officer

| Debtor | Agro International Holding B.V. | Case number (*if known*) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/ *Blaire Cahn*

Signature of attorney for debtor

Date    12/06/2023

MM / DD / YYYY

Blaire Cahn

Printed name

Baker & McKenzie LLP

Firm name

452      Fifth Avenue

Number      Street

New York                                    NY      10012

City                                             State      ZIP Code

212-626-4695                          blaire.cahn@bakermckenzie.com

Contact phone                           Email address

4737276                                    NY

Bar number                               State

## <u>SCHEDULE 1</u>

**Pending Bankruptcy Cases Filed by the Debtors in this Court**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York. Contemporaneously herewith, the Company is filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Mercon Coffee Corporation.

1. Agro International Holding B.V.
2. Cisa Export S.A.
3. Comercial Internacional de Granos de Honduras, S.A. de C.V.
4. Comercial Internacional Exportadora Sociedad Anónima or
   Comercial Internacional Exportadora, S.A.
5. Distribuidora de Granos de Nicaragua, Sociedad Anónima
6. Mercafe Vietnam LTD.
7. Mercapital de Nicaragua, Sociedad Anónima or Mercapital de Nicaragua, S.A.
8. Mercon B.V.
9. Mercon Brasil Comércio de Café Ltda.
10. Mercon Coffee Corporation
11. Mercon Guatemala, S.A.

Paul J. Keenan Jr. (*pro hac vice* pending)
John R. Dodd (*pro hac vice* pending)
Reginald Sainvil (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
        john.dodd@bakermckenzie.com
        reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AGRO INTERNATIONAL HOLDING B.V., | Case No. |
| Debtor. | |
| _____/ | |

## LIST OF EQUITY SECURITY HOLDERS

| Name and Address | % Equity Interest |
|---|---|
| Mercon B.V.<br>De Ruijterkade 142, 1011 AC<br>Amsterdam, the Netherlands | 100% |

Paul J. Keenan Jr. (*pro hac vice* pending)
John R. Dodd (*pro hac vice* pending)
Reginald Sainvil (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
        john.dodd@bakermckenzie.com
        reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AGRO INTERNATIONAL HOLDING B.V., | Case No. |
| Debtor. | |
| _____/ | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the

following are the corporations, other than a governmental unit, that directly own 10% or more of

any class of the above-captioned debtor's equity interest:

|  |  |
|---|---|
| Mercon B.V. | 100% Owner |

<table>
<tr><td colspan="2">Fill in this information to identify the case</td></tr>
</table>

Debtor name Mercon Coffee Corporation

United States Bankruptcy Court for the: Southern District of New York

Case number (If known): _____

g  Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Stichting andgreen.fund (&Green) Basisweg 10, 1043AP, Amsterdam, The Netherlands | Johnny Brom +31 (0)70 744 8884 brom@sailventures.com | Subordinated Loan | | | | $20,000,000 |
| 2. | Crowdout Capital LLC 812 San Antonio St Suite 105 Austin, TX 78701 | Adam R. Weber 512.538.1883 aweber@crowdoutcapital.com | Subordinated Loan | | | | $20,000,000 |
| 3. | LaFise Nicaragua Centro Financiero LAFISE, Km. 5 1/2 Carretera Masaya Codigo Postal 14187 Managua, Nicaragua | Manuel Jerez (505) 2255-8888 Ext. 4244. mjerez@lafise.com | Bank Loan | | | | $19,490,776 |
| 4. | London Forfaiting 15 Austin Friars London, EC2N 2HE United Kingdom | Carlos Lunardini (+1) 212 377-2016 Carlos.Lunardini@forfaiting.com | Bank Loan | | | | $13,000,000 |
| 5. | Banco Agromercantil 7a. Avenida 7-30 Zona 9 Codigo Postal 01009 Ciudad de Guatemala Guatemala | Felipe Alfonso Galvez Berganza +502 2338- 6565 Ext.: 97691 felipe.galvez@bam.com.gt | Bank Loan | | | | $9,000,000 |
| 6. | Nederlandse Financierings- Maatschappij voor Ontwikkelingslanden N.V. (FMO) Anna van Saksenlaan 71 I P.O. Box 93060 2509 AB The Hague The Netherlands | Anton Timpers +31 (0)70 314 9778 a.timpers@fmo.nl | Subordinated Loan | | | | $5,000,000 |

Debtor Mercon Coffee Corporation _____   Case number (*if known*)_____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7. Common Fund For Commodities Rietlandpark 301 1019 DW Amsterdam Netherlands | Ms. Tia Sudjarwo 0031 20 5754967 tia.sudjarwo@common-fund.org | Bank Loan | | | | $4,000,000 |
| 8. Banco Internacional de Costa Rica Avenida Balboa y Calle Aquilino De La Guardia Código Postal: 081607810 Ciudad de Panamá Panamá | Karla Castillo - Ejecutivo Corporativo +505 8884-2096 kcastillo@bicsa.com | Bank Loan | | | | $3,500,000 |
| 9. Banco Safra S.A. Av. Paulista 2100 6 Andar Sao Paulo Zip Code 01310-930 | Thiago de Castro Santos 55 11 2472-4133 castro.thiago@safra.com.br | Bank Loan | | | | $3,246,500 |
| 10. BAC Panama Calle Aquilino De La Guardia Edificio BAC Credomatic Código Postal: 081906536 Ciudad de Panamá Panamá. | Ramiro Jesus Aguilar Ochoa (507) 6151-8196, (507) 6439-5496 RamiroAguilarO@pa.bac.net | Bank Loan | | | | $3,000,000 |
| 11. BAC Nicaragua Centro Financiero BAC Km 4 1/2 Carretera a Masaya Código Postal 14125 Managua, Nicaragua | Myriam Caldera Gurdian (505) 2274-4444. (505) 8871 1314 mcaldera@baccredomatic.ni | Bank Loan | | | | $2,000,000 |
| 12. Banco de Finanzas S.A. Centro Corporativo BDF Del Club Terraza 440m. al este Código Postal 14114 Managua, Nicaragua | Maria Felicia Otero Castilblanco +(505) 2276-8600 Ext 2075 +(505) 8720-1129 maria.otero@bdfnet.com | Bank Loan | | | | $2,000,000 |
| 13. Zenith Group Advisors 445 Park Avenue 9th Floor New York, NY 10022 | Cole Reifler - 310 382 0211 creifler@zenithgroupadvisors.com | Trade | | | | $1,800,000 |
| 14. Banco ABC Brasil S.A. AV. Cidade Jardim 803 2O Andar Sao Paulo/SP Zip Code 01453-000 | Michelle Amorim de Araujo Cunha 55 (31) 99885-9464 michelle.cunha@abcbrasil.com.br | Bank Loan | | | | $1,227,524 |
| 15. Banco Santander (Brasil) S.A. Av. Pres. Juscelino Kubitschek 2041 - CJ 281, Bloco A, Cond. Wtorre JK - Vila Nova Conceição São Paulo-Sp Zip Code: 04543-011 | Rafael Carvalho de Souza 55 (35) 999507388 rafael.carvalho.de.souza@santander.com.br | Bank Loan | | | | $807,556 |

Debtor Mercon Coffee Corporation
      Name

Case number (*if known*)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16. Blendcoffee Comercio Exportacao E I Avenida Cerejeiras, 395 - Bairro Movelar. Linhares/ES | Julio Cesar Galon Moro (27) 99984-1250 Diretoria@blendcoffee.ind.br | Trade | | | | $589,804 |
| 17. Expocaccer – Matriz Av Faria Pereira. Patrocinio Minas Gerais 38740-514, Brasil | Rubstein 55 34 3839-9300 rubstein@expocaccer.com.br | Trade | | | | 585,283 |
| 18. Aklilu Kassa Chirrissa (Nardos Coffee Export) Akaky Kality Subcity, Woreda 05, House No. 9999, Addis Ababa, Ethiopia | Dessalegn Jena +251114667545/0298 dessalegnjena@gmail.com; info@nardoscoffee.com | Trade | | | | 350,266 |
| 19. Banapiña de Nicaragua, S.A. Oficina Asesores Legales Consortium, De donde fue el Hospital Militar, 1C. Al lago, 10 varas abajo, Managua, Nicaragua. | Carlos Taboada +505 2254-5454 ctaboada@consortiumlegal.com | Trade | | | | $179,124 |
| 20. Nova Safra Transportes Ltda Av. Otto Salgado, 700 Distrito Industrial Claudio Galvão De Nogueira, Varginha - MG 37026-690 | Viviane Maselli Spinola 55 (35) 3222-7676 (35) 99229-3913 comercial@novasafralog.com.br | Trade | | | | $169,570 |
| 21. Commodity Supplies AG 7975 NW 154th St Suite 200. Miami Lakes, FL 33016 United States | Kornelia Tiede +1 305-207-2954 kornelia.tiede@commodity.ch | Trade | | | | $146,322 |
| 22. Kerchanshe Trading plc 6th Floor, Africa Insurance Building, South African Street P.O. Box 19891 Addis Ababa, Ethiopia | Yigezu Legesse +251-11-3716370/+251-96-2414141 info@kerchanshe.com | Trade | | | | 143,519 |
| 23. Revolucao Transportes Ltda F Alameda Do Cafe, 195 - Jardim Andere – Varginha/ MG - Zip Code: 37026-400 | Lincoln Moreira Gabriel 55 (35) 3015-2706 (33) 99921-9561 lincoln.gabriel@revolucaotransportes.com.br | Trade | | | | $134,080 |
| 24. Jorge Luiz Maiolini Faz Cruz De Moisés, S/N, Zona Rural, Eloi Mendes - Mg. Zip Code: 31110-000 | Jorge Luiz Maiolini (35) 99988-2522 | Trade | | | | $129,326 |

Debtor Mercon Coffee Corporation _____   Case number (*if known*)_____
    Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25. Detech Coffee To dan pho Thap, Phuong Di Su, Thi xa My Hao, Tinh Hung Yen, Vietnam | Mr. Sinh - To dan pho Thap, Phuong Di Su, Thi xa My Hao, Tinh Hung Yen, Vietnam Mr Sinh - 0221 730 6688 sinh@detechcoffee.com | Trade | | | | $111,386 |
| 26. M&M Cafe Ltda Avenida Melo Viana, 604. Manhuaçu, Minas Gerais 36902-290 | M&M Cafe Ltda 55 33 3331-1879 escritaservicoscontabeis@gmail.com; mbr.voucher@merconcorp.com | Trade | | | | $106,603 |
| 27. Agroindustrias Unidas de México S.A. de C.V. (AMSA) Bosques de Alisos No 45-A 2do piso, Bosques las Lomas, Ciudad de México, DF, México. | Alfredo Bojalil +52 55 52576500 alfredo.bojalil@ecomtrading.com | Trade | | | | $86,321 |
| 28. Revolucao Transportes Ltda BA Rua Maximo Matos, 6 SL1. Encruzilhada, Bahía 45150-000 | Lucas Moreira 55 3333316736 lucas.gabriel@revolucaotransportes.com.br | Trade | | | | $83,010 |
| 29. Federacion Nacional de Cafeteros de Colombia Calle 73 Numero 8-13, Bogotá, Colombia | Germán Bahamón 31367003136600/3137317 german.bahamon@cafedecolombia.com | Trade | | | | $81,991 |
| 30. Finca Churupampa Perú S.A.C. Cal Chinchipe SN Centro Chirinos. San Ignacio, Perú | Finca Churupampa Perú S.A.C. +51 949 605 978 contacto@fincachurupampa.com | Trade | | | | $75,905 |

**Fill in this information to identify the case and this filing:**

Debtor Name  Agro International Holding B.V.

United States Bankruptcy Court for the:  Southern          District of  New York
                                                                              (State)

Case number (if known):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑   *Schedule H: Codebtors* (Official Form 206H)

❑   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑   Amended *Schedule* ____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration  Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>12/06/2023</u>          X  _____
                 MM / DD / YYYY                 Signature of individual signing on behalf of debtor

                                       Harve Light
                                       Printed name

                                       Chief Restructuring Officer
                                       Position or relationship to debtor

EXECUTION VERSION

**RESOLUTION OF THE SHAREHOLDERS ADOPTED OUTSIDE OF A GENERAL
SHAREHOLDERS' MEETING OF AGRO INTERNATIONAL HOLDING B.V.**

**a private limited company**

December 5, 2023 (the "Effective Date")

The undersigned, being all of the shareholders of Agro International Holding B.V., a private limited company with
statutory seat in Curaçao (the "Corporation"), in accordance with Section 2:8, paragraph 4 of the Curaçao Civil
Code, hereby consent to, vote for and adopt the following resolutions with effect as of the Effective Date:

1.    Filing of Bankruptcy Petition for the Corporation

**WHEREAS,** pursuant to Section 2:235 of the Curaçao Civil Code and Article 17 of the Articles of
Association of the Corporation, a resolution of the general meeting of shareholders of the Corporation can be
adopted without a meeting being held, provided that (i) all persons with meeting rights have agreed to this manner
of decision-making and (ii) all shareholders cast their vote in writing and (iii) the managing directors of the
Corporation have been timely informed of the decision-making and (iv) the managing directors of the Corporation
have been given the opportunity to render their advice, prior to adopting the resolutions.

**WHEREAS,** the Shareholders of the Corporation (the "Shareholders") and the managing directors of the
Corporation are the only parties with meeting rights within the meaning of article 2:229 of the Curaçao Civil Code
in respect of the Corporation. The managing directors of the Corporation have been timely informed of the intention
to adopt these resolutions outside a meeting and have been given the opportunity to render their advice on the
resolutions laid down herein.

**WHEREAS,** the shareholders of the Corporation have considered the financial and operational aspects of the
Corporation's business and the recommendations of the Corporation's professionals and advisors;

**NOW, THEREFORE, BE IT RESOLVED,** that, in the judgment of the Shareholders, it is desirable and in the
best interests of the Corporation, its creditors, equityholders and other interested parties that a petition (the "Petition")
be filed by the Corporation seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy
Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and
be it

**FURTHER RESOLVED**, that in accordance with Section 2:8, paragraph 4 of the Curaçao Civil Code, the
Shareholders of the Corporation give their prior authorization/assignment for the board of managing directors of
the Corporation to file the Petition; and be it

**FURTHER RESOLVED**, that one managing director of the Corporation has resigned causing the number of
managing directors to fall below the statutory minimum number prescribed in Article 10, first paragraph of the
Articles of Association of the Corporation and that in accordance with Article 10 paragraph 9 of the Articles of
Association of the Corporation it is hereby confirmed and resolved by the General Meeting that the two remaining
managing directors shall remain responsible for the management of the Corporation and that the two remaining
managing directors shall as a consequence thereof be jointly authorized to validly adopt board resolutions; and be
it

**FURTHER RESOLVED**, that in accordance with Article 10 paragraph 4 of the Articles of Association Mr.
Harve Light is hereby appointed as attorney-in-fact and shall serve as Chief Restructuring Officer of the Corporation
(the "CRO") and shall have the powers and duties as set forth in his engagement letter, for the term set forth in such
letter or, if earlier, until his earlier resignation or removal; and that the CRO shall be authorized and empowered to
act on behalf of the Corporation in any judicial or other proceedings in any foreign country and to act in any way
permitted by applicable foreign law, including, but not limited to (a) commencing a *Wet Homologatie Onderhands*

*Akkoord* in the Netherlands, (b) seeking recognition of the chapter 11 case of the Corporation in Brazil, and (c) commencing a plenary insolvency proceeding or seeking recognition in an ancillary insolvency proceeding in any foreign country in any way permitted by applicable foreign law; and be it

FURTHER RESOLVED, that each managing director, CRO, and any other person designated and so authorized to act by applicable law, the Corporation's governing documents, or by a written resolution passed by the Shareholders (collectively, such persons, the "Authorized Officers" and each an "Authorized Officer") are hereby authorized and empowered on behalf of and in the name of the Corporation to execute, verify and cause to be filed the Petition, together with schedules of assets and liabilities, the statement of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition, at such time as the Authorized Officers consider it appropriate; and be it

FURTHER RESOLVED, that, to the extent the Corporation serves as (i) the sole member or manager, (ii) the sole stockholder or equityholder, (iii) the managing member, (iv) the general partner or (v) otherwise as the governing body (the "Controlling Party"), in each case, of any subsidiary of the Corporation (the "Controlled Party"), each Authorized Officer of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Controlling Party (acting for such Controlled Party in the capacity set forth above, as applicable) to take all of the actions on behalf of such Controlled Party that an Authorized Officer is herein authorized to take on behalf of such Controlling Party, in each subject to Shareholder approval as required under the governing documents; and be it

FURTHER RESOLVED, that in connection with the commencement of the chapter 11 case by the Corporation, each Authorized Officer be, and each hereby is, authorized and empowered on behalf and in the name of the Corporation, to negotiate, execute, deliver and perform or cause the performance of (i) one or more debtor in possession Credit Agreements with the Corporation and any pertinent affiliates as borrowers or guarantors on the terms and for such amounts as any Authorized Officer deems appropriate (collectively, the "Credit Agreements"), (ii) any and all agreements or instruments on behalf of the Corporation and any pertinent affiliates (including, in connection therewith, such notes, security agreements, guarantees, fee letters and other agreements or instruments on behalf of die Corporation and any pertinent affiliates (such other agreements and instruments together with the Credit Agreements being referred to collectively as the "Financing Documents")) necessary or advisable in order to consummate the transactions contemplated by the Financing Documents, with such changes to the Financing Documents or additions thereto as the Authorized Officer executing the same shall approve as being necessary or desirable, such approval to be evidenced by such execution and (iii) any and all amendments, supplements and changes to the Financing Documents as any such Authorized Officer executing the same may consider necessary, proper or desirable, such determination to be evidenced by such execution; and be it

FURTHER RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers, shall be, and each hereby is, authorized and empowered to cause the Corporation and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such Authorized Officer shall be necessary, proper, and desirable to prosecute to a successful completion the Corporation's chapter 11 case and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it

FURTHER RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to retain Baker & McKenzie LLP, Riveron Management Services, LLC, and such other attorneys, investment bankers, accountants, financial advisors, claims and noticing agents, and other professionals or service providers to assist in the Corporation's chapter 11 case on such terms as are deemed necessary, proper, or desirable by the Authorized Officers.

2.      General Authorization.

**NOW, THEREFORE, BE IT RESOLVED,** that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Corporation by the Authorized Officers prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved; and be it

**FURTHER RESOLVED,** that any specific resolutions that may be required to have been adopted by the Shareholders to effectuate the matters and transactions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the members of the board of directors of the Corporation, officers and authorized representatives (including the Authorized Officers) of the Corporation be, and each of them acting alone hereby is, authorized in the name and on behalf of the Corporation to certify as to the adoption of any and all such resolutions; and be it

**FURTHER RESOLVED,** that the Authorized Officers shall be, and each hereby is, authorized and empowered on behalf of the Corporation and in its name to take or cause to be taken all actions and to execute and deliver all such instruments that such Authorized Officer determines are necessary or desirable in connection with the foregoing resolutions; and be it

**FURTHER RESOLVED,** that this written consent may be signed in any number of counterparts (including by means of facsimile signature), each of which shall be deemed to be an original, and all of which taken together shall be deemed to be a single consent.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the undersigned, being all of the Shareholders, hereby consent to and adopt the foregoing resolutions as of the Effective Date, and waive the requirement that a meeting be held to accomplish the same.

**SHAREHOLDER**:

Mercon B.V.



Title:   Managing Director A

*(Signature Page to Written Consent of the Sole Shareholder of Agro International Holding B.V.)*

EXECUTION VERSION

# RESOLUTION OF THE BOARD OF MANAGING DIRECTORS OF
# AGRO INTERNATIONAL HOLDING B.V.

### a private limited company

December 5, 2023 (the "Effective Date")

The undersigned, being all of the Directors of Agro International Holding B.V., a private limited company with statutory seat in Curaçao (the "Corporation"), hereby consent to, vote for and adopt the following resolutions with effect as of the Effective Date:

1.    Filing of Bankruptcy Petition for the Corporation

WHEREAS, the Corporation's Board of Directors (the "Board") has considered the financial and operational aspects of the Corporation's business and the recommendations of the Corporation's professionals and advisors;

WHEREAS, in accordance with Section 2:8, paragraph 4 of the Curaçao Civil Code, the Shareholders of the Corporation have given their prior authorization/assignment for the board of managing directors of the Corporation for a petition (the "Petition") to be filed by the Corporation seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

WHEREAS, one managing director of the Corporation has resigned causing the number of managing directors to fall below the statutory minimum number prescribed in Article 10, first paragraph of the Articles of Association of the Corporation. Articles 10 paragraph 9 of the Articles of Association of the Corporation stipulate that in the case a managing director is absent or precluded from acting the remaining managing directors shall be responsible for the entire management of the Corporation. This has been confirmed by the General Meeting in the shareholders' resolution; and

WHEREAS, the managing directors have been timely informed of the adoption by the General Meeting of resolutions without a meeting being held in respect hereof and the members of the Board have been given the opportunity to render their advice (*advies uitbrengen*) within the meaning of article 2:132 paragraph 3 and 4 of the Civil Code with respect to the resolutions so adopted by the General Meeting as referred to in the immediately preceding paragraph;

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, equityholders and other interested parties to file the Petition; and be it

FURTHER RESOLVED, that Mr. Harve Light shall serve as Chief Restructuring Officer of the Corporation (the "CRO") and shall have the powers and duties as set forth in his engagement letter, for the term set forth in such letter or, if earlier, until his earlier resignation or removal; and that the CRO shall be authorized and empowered to act on behalf of the Corporation in any judicial or other proceedings in any foreign country and to act in any way permitted by applicable foreign

law, including, but not limited to (a) commencing a *Wet Homologatie Onderhands Akkoord* in the Netherlands, (b) seeking recognition of the chapter 11 case of the Corporation in Brazil, and (c) commencing a plenary insolvency proceeding or seeking recognition in an ancillary insolvency proceeding in any foreign country in any way permitted by applicable foreign law; and be it

FURTHER RESOLVED, that each managing director, CRO, and any other person designated and so authorized to act by applicable law, the Corporation's governing documents, or by a written resolution passed by the Board (collectively, such persons, the "Authorized Officers" and each an "Authorized Officer") are hereby authorized and empowered on behalf of and in the name of the Corporation to execute, verify and cause to be filed the Petition, together with schedules of assets and liabilities, the statement of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition, at such time as the Authorized Officers consider it appropriate; and be it

FURTHER RESOLVED, that, to the extent the Corporation serves as (i) the sole member or manager, (ii) the sole stockholder or equityholder, (iii) the managing member, (iv) the general partner or (v) otherwise as the governing body (the "Controlling Party"), in each case, of any subsidiary of the Corporation (the "Controlled Party"), each Authorized Officer of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Controlling Party (acting for such Controlled Party in the capacity set forth above, as applicable) to take all of the actions on behalf of such Controlled Party that an Authorized Officer is herein authorized to take on behalf of such Controlling Party, in each subject to Board approval as required under the governing documents.

FURTHER RESOLVED, that in connection with the commencement of the chapter 11 case by the Corporation, each Authorized Officer be, and each hereby is, authorized and empowered on behalf and in the name of the Corporation, to negotiate, execute, deliver and perform or cause the performance of (i) one or more debtor in possession Credit Agreements with the Corporation and any pertinent affiliates as borrowers or guarantors on the terms and for such amounts as any Authorized Officer deems appropriate (collectively, the "Credit Agreements"), (ii) any and all agreements or instruments on behalf of the Corporation and any pertinent affiliates (including, in connection therewith, such notes, security agreements, guarantees, fee letters and other agreements or instruments on behalf of die Corporation and any pertinent affiliates (such other agreements and instruments together with the Credit Agreements being referred to collectively as the "Financing Documents")) necessary or advisable in order to consummate the transactions contemplated by the Financing Documents, with such changes to the Financing Documents or additions thereto as the Authorized Officer executing the same shall approve as being necessary or desirable, such approval to be evidenced by such execution and (iii) any and all amendments, supplements and changes to the Financing Documents as any such Authorized Officer executing the same may consider necessary, proper or desirable, such determination to be evidenced by such execution; and be it

FURTHER RESOLVED that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers, shall be, and each hereby is, authorized and empowered to cause the Corporation and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental

or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such Authorized Officer shall be necessary, proper, and desirable to prosecute to a successful completion the Corporation's chapter 11 case and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it

FURTHER RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to retain Baker & McKenzie LLP, Riveron Management Services, LLC, and such other attorneys, investment bankers, accountants, financial advisors, claims and noticing agents, and other professionals or service providers to assist in the Corporation's chapter 11 case on such terms as are deemed necessary, proper, or desirable by the Authorized Officers.

2.    <u>General Authorization</u>

NOW, THEREFORE, BE IT RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Corporation by the Authorized Officers prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved; and be it

FURTHER RESOLVED, that any specific resolutions that may be required to have been adopted by the Board to effectuate the matters and transactions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the members of the Board, officers and authorized representatives (including the Authorized Officers) of the Corporation be, and each of them acting alone hereby is, authorized in the name and on behalf of the Corporation to certify as to the adoption of any and all such resolutions; and be it

FURTHER RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized and empowered on behalf of the Corporation and in its name to take or cause to be taken all actions and to execute and deliver all such instruments that such Authorized Officer determines are necessary or desirable in connection with the foregoing resolutions; and be it

FURTHER RESOLVED, that this written consent may be signed in any number of counterparts (including by means of facsimile signature), each of which shall be deemed to be an original, and all of which taken together shall be deemed to be a single consent.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board, hereby consent to and adopt the foregoing resolutions as of the Effective Date, and waive the requirement that a meeting be held to accomplish the same.



**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board, hereby consent to and adopt the foregoing resolutions as of the Effective Date, and waive the requirement that a meeting be held to accomplish the same.

